UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
THE CEMETERY WORKERS SUPPLEMENTAL
PENSION FUND, by its TRUSTEES SAL
ALLADEEN and KEVIN BOYD,

                19-cv-

         Plaintiffs,

                COMPLAINT

    -against-

UNIONFIELD CEMETERY of
CONGREGATION RODEPH SHOLOM,

         Defendant.
-------------------------------------------------------------X

      Plaintiff, TRUSTEES OF THE CEMETERY WORKERS SUPPLEMENTAL PENSION FUND by its Trustees SAL ALLADEEN and KEVIN BOYD, by their attorneys, O'DWYER & BERNSTIEN, LLP, complaining of defendant, allege the following:

### NATURE OF ACTION

    1.    This is an action arising under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq., to compel defendant to pay its total withdrawal liability obligation on an accelerated basis as a result of having defaulted in its quarterly payments.

### JURISDICTION

    2.    Jurisdiction over this cause of action is conferred upon this Court by Sections 502(a)(3), 502(e), and 502(f) of ERISA, 29 U.S.C. §§1132(a) (3), (e), and (f).

### VENUE

    3.    Venue is proper in this district pursuant to ERISA Section 502(e)(1), 29 U.S.C. §1132(e)(1), in that the Plaintiff pension fund is administered in the Eastern District.

## PARTIES

4. At all times relevant herein the CEMETERY WORKERS SUPPLEMENTAL PENSION FUND (hereinafter "the PENSION FUND"), was a jointly trusteed employee benefit plan within the meaning of Sections (3)(1), (2), and (3) of ERISA and Section 502(d)(1) of ERISA, 29 U.S.C. §§1002(1), (2), (3) and 1132(d)(1).  Sal Alladeen and Kevin Boyd are Trustees of the PENSION FUND and appear in their representative capacities.

5. At all times relevant herein, the PENSION FUND had its principal place of business at 36-36 33rd Street, Long Island City, New York 11106.

6. Upon information and belief, defendant UNIONFIELD CEMETERY OF CONGREGATION RODEPH SHOLOM ("UNIONFIELD CEMETERY") was a cemetery operating in Queens, New York, with offices located at 8211 Cypress Avenue, Ridgewood, New York 11385.

7. Upon information and belief, at all relevant times herein, defendant UNIONFIELD CEMETERY was an employer in an industry affecting commerce within the meaning of ERISA Sections (3)(5), (11), and (12), 29 U.S.C. §§1002 (5), (11), and (12).

## COUNT II

8. At the present time, and for many years prior hereto, USWU Local 74 ("Local 74") was the collective bargaining representative of certain employees of UNIONFIELD CEMETERY, including but not limited to gravediggers, groundskeepers, and mechanics.

9. At the present time, and for many years prior hereto, Local 74 and UNIONFIELD CEMETERY were parties to collective bargaining agreements and extensions thereof establishing terms and conditions of employment of bargaining unit employees of UNIONFIELD CEMETERY.

10. At all relevant times herein, UNIONFIELD CEMETERY was a participating employer in the PENSION FUND, as provided for in said collective bargaining agreements and extensions thereof.

11. At all relevant times herein, there were in force and effect a Declaration of Trust of the PENSION FUND and a Delinquent Contribution Collection Policy, among other documents, with which defendant was required to comply.

12. At all relevant times herein there were in force and effect Trustee resolutions of the PENSION FUND with which defendant was required to comply by virtue of the Declaration of Trust of the PENSION FUND, among other documents and applicable law.

13. Effective as of December 31, 2017, the PENSION FUND terminated as a result of a mass withdrawal.

14. By letter dated June 27, 2018, the PENSION FUND notified UNIONFIELD CEMETERY of the assessment of its initial withdrawal liability in the sum of $214,793, payable over 35 quarterly installments of $7,440, with a final payment of $2,115. UNIONFIELD CEMETERY was further informed that the first payment was required to be made not later than September 1, 2018.

15. UNIONFIELD CEMETERY did not initiate proceedings to challenge or dispute the withdrawal liability assessment within the time or in the manner specified in ERISA, including Sections 4219 and 4221, 29 U.S.C. §§ 1399 and 1401.

16. As of the date of the filing of this Complaint, UNIONFIELD CEMETERY has not initiated proceedings to challenge or dispute the withdrawal liability assessment.

17. UNIONFIELD CEMETERY failed to make the installment payment due on or before September 1, 2018 and has failed to make any withdrawal liability payments to date.

18. By letter dated October 23, 2018, UNIONFIELD CEMETERY was notified that it was in default of its withdrawal liability payments and that the PENSION FUND would accelerate all outstanding amounts due as and for withdrawal liability unless the default was cured within 60 days of said letter.

19. Upon information and belief, UNIONFIELD CEMETERY acknowledged receipt of the October 23, 2018 letter on an approved USPS form.

20. As of the date of the filing of this Complaint, UNIONFIELD CEMETERY has failed and/or refused to make any withdrawal liability payments.

21. As of the date of the filing of this Complaint, more than 60 days has elapsed since the PENSION FUND provided notice to UNIONFIELD CEMETERY of its intent to accelerate all outstanding payments, that is, the sum of $214,793, exclusive of interest from the date of default until paid.

22. The PENSION FUND has satisfied the conditions precedent for the acceleration of the total amount of the withdrawal liability payments due, including but not limited to the requirements set forth in ERISA Section 4219, 29 U.S.C. §1399.

23. The failure and/or refusal of UNIONFIELD CEMETERY to make required withdrawal liability payments is a violation of ERISA, including but not limited to Sections 515, and 4219, 29 U.S.C. §§1145 and 1399.

31. By reason of the foregoing, UNIONFIELD CEMETERY is liable to the PENSION FUND in the amount of $214,793, together with accrued interest, liquidated damages, costs and attorneys' fees.

WHEREFORE, the PENSION FUND demands judgment against UNIONFIELD CEMETERY as follows:

(a)  Awarding judgment in the amount of $214,793, together with interest thereof from the payments should have been made;

(b)  Awarding attorneys' fees, costs and expenses of this action, interest on principal from date due until paid, and liquidated damages, calculated twice the prime rate of interest, per annum, as provided for and required pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g);

(c)  Such other and different relief as this Court deems just and proper.

Dated:    New York, New York
          February 11, 2019

                                   Yours, etc.,

                                   O'DWYER & BERNSTIEN, LLP


                              By:  /s/ Gary Silverman
                                   GARY SILVERMAN
                                   ZACHARY HARKIN
                                   *Attorneys for Plaintiff*
                                   52 Duane Street, 5th Floor
                                   New York, New York 10007
                                   (212) 571-7100